IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GOODE, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 22-1320 |
| | : | |
| v. | : | |
| | : | |
| KYLE RUSSELL, JOSEPH SNELL, and | : | |
| JEFFERY SMITH, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                            July 29, 2022

The *pro se* petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges his state pretrial incarceration while awaiting the resolution of numerous charges, including drug and firearm charges, in state court. The petitioner claims that his speedy trial rights are being violated, that he is being denied access to the court, and that he is being subjected to racial discrimination.

The court has screened the petition and has determined that it must be dismissed with and without prejudice. The court will dismiss with prejudice the petitioner's claims for a denial of access to the courts and racial discrimination because they are not cognizable in a section 2241 petition. The court will also dismiss without prejudice the petitioner's speedy trial claims because, to the extent they are cognizable, the petitioner has failed to satisfy his burden to show that the claims are exhausted.

I.     PROCEDURAL HISTORY

On March 30, 2022, the *pro se* petitioner, James Goode ("Goode"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] *See* Doc. No. 2. He also applied for leave to proceed *in forma pauperis* (the "IFP Application") and submitted a prisoner trust fund account statement to support his application. *See* Doc. Nos. 1, 3. Although this matter was originally assigned to the Honorable Wendy Beetlestone, Chief Judge Juan R. Sanchez reassigned it from Judge Beetlestone's calendar to the undersigned's calendar on April 21, 2022. *See* Doc. No. 5.

On July 12, 2022, the court entered an order which granted the IFP Application. *See* July 12, 2022 Order at 2, Doc. No. 6. The court also directed Goode to notify the court in writing whether he was seeking to challenge, under section 2241, his custody in a criminal matter in this district, *see United States v. Goode*, Crim. A. No. 19-218-9, or a criminal matter pending in the Court of Common Pleas of Berks County, *see Commonwealth v. Goode*, No. CP-06-CR-80-2019 (Berks Cnty. Ct. Com. Pl.).[2] *See id.* Goode responded to the court's order by submitting a letter which the clerk of court docketed on July 26, 2022. *See* Doc. No. 7. In this letter, Goode stated as follows:

> The underlying criminal action for which ("Goode") is seeking habeas relief, is the pending matter in the Court of Common Please [sic] of Berks County. Docket, Commonwealth v. Goode, No. CP-06-CR-80-2019.
>
> Defendant [sic] argument is that he has notified judge [sic] Parisi certified mail and through the Berks County Clerk of Court Office that he hasn't signed off or agreed to any postponements in his Berks County Criminal matter. Further[,] that he has informed his attorney Robert Gamburg certified mail that he hasn't

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, Goode included a declaration that he submitted his section 2241 petition to the prison for mailing on March 30, 2022. See Doc. No. 2 at ECF p. 11. The court therefore uses March 30, 2022, as the filing date.

[2] Regarding Goode's federal charges, on June 3, 2022, a jury found him and three co-defendants guilty of numerous charges. *See United States v. Goode*, Crim. A. No. 19-219-9, Doc. Nos. 497, 498. Goode recently filed a motion for a judgment of acquittal or a new trial. *See United States v. Goode*, Crim. A. No. 19-219-9, Doc. No. 516. Goode's sentencing is currently scheduled for October 25, 2022. *See United States v. Goode*, Crim. A. No. 19-219-9, Doc. No. 504.

> agreed to any waiver, in the above docket. Goode [sic] request through certified mail has went unanswered and ignored both times.

Ltr. at 1, Doc. No. 7. This letter shows that Goode is seeking to challenge his pretrial confinement while awaiting the disposition of his charges in Berks County.

Regarding these Berks County charges, the publicly available docket entries show that the City of Reading Police Department charged Goode with numerous charges on or about November 1, 2018. *See* Docket, *Commonwealth v. Goode*, No. CP-06-CR-80-2019 (Berks Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-06-CR-0000080-2019&dnh=SmJjMRqsiwr4%2Fo%2FG%2B35lFw%3D%3D ("CCP Docket"). It appears that Goode's charges were bound over to the Berks County Court of Common Pleas in early 2019, and the Commonwealth filed a Criminal Information charging Goode with three counts of Persons Not to Possess Firearms,[3] one count of Receiving Stolen Property,[4] three counts of Manufacturing, Delivering, or Possessing Controlled Substances with Intent to Manufacture or Deliver,[5] and three counts of Possession of a Controlled or Counterfeit Substance in February 2019.[6] *See id.* In March 2019, Goode filed an omnibus pretrial motion, which the trial court denied in October 2019. *See id.* In addition, it appears that Goode is represented by counsel, and trial in the case has been continued on numerous occasions, with the docket reflecting that trial was continued and Pennsylvania Rule of Criminal Procedure 600 speedy trial waivers were entered on April 17, 2019, May 1, 2019, September 25, 2019, November 1, 2019, March 2, 2020, March 13, 2020, August 14, 2020, January 8, 2021, May 10, 2021, August 10, 2021, February 11, 2022, and

---

[3] 18 Pa. C.S. § 6105.
[4] 18 Pa. C.S. § 3925(a).
[5] 35 P.S. § 780-113(a)(30).
[6] 35 P.S. § 780-113(a)(16).

July 7, 2022. *See id.* According to the current docket, the next proceeding scheduled is a status hearing scheduled for November 7, 2022. *See id.*

## II. DISCUSSION

As indicated above, Goode, a pretrial detainee, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Doc. No. 2. Goode asserts the following claims: (1) a violation of his Sixth Amendment speedy trial right insofar as he has been in custody since November 1, 2018, (2) a violation of his Fifth Amendment right for "Oppressive Pretrial Delay" insofar as his legal visits with his attorney was "suspended for years due to coronavirus," (3) a violation of his Sixth Amendment right of access to the courts insofar as he has been "severely hindered from meaningful communication with [his] attorney and being able to conduct meaningful research [at] the law library," and (4) a violation of his Fourteenth Amendment due process rights, Eighth Amendment Due Process rights, equal protection rights, and protections under the Americans with Disabilities Act due to racial discrimination. *See* § 2241 Habeas Corpus Pet. ("Pet.") at ECF pp. 6–9, Doc. No. 2. He seeks his immediate release from pretrial custody so he can properly prepare for his defense and the dismissal of the charges against him. *See id.* at ECF p. 10.

Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). After receipt of a section 2241 habeas petition, a district court may conduct an initial review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[7] If so, the court must dismiss

---

[7] District courts may apply the Rules Governing Section 2254 cases to habeas corpus actions filed under section 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *see also In re Gorbey*, 833 F. App'x 371, 372 (3d Cir. 2021) (per curiam) ("As the District Court noted in its October 13, 2020 order, the Rules

4

the petition. *See id.*; *see also Henry v. U.S. Att'y Gen.*, 525 F. App'x 67, 69 (3d Cir. 2013) (per curiam) ("The District Court also noted that pursuant to Rule 4 of the Rules Governing § 2254 Cases, made applicable to § 2241 petitions under Rule 1(b), dismissal without providing a petitioner an opportunity to respond is appropriate when it is clear from the face of the petition that jurisdiction is lacking. Consequently, the District Court properly sua sponte dismissed Henry's petition for lack of subject matter jurisdiction and without prejudice to Henry seeking leave from the Eleventh Circuit to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244." (internal citation omitted)).

The court has thoroughly reviewed Goode's section 2241 petition, and it plainly appears that he is not entitled to habeas relief. The first issue presented by the instant petition is that some of Goode's issues are not cognizable as part of a section 2241 habeas petition. Goode has attempted to assert that he is being denied access to the courts and subjected to racial discrimination in violation of the Constitution of the United States. *See* Pet. at ECF pp. 8, 9. A claim that a petitioner is being denied access to the court is not cognizable in a section 2241 habeas petition. *See Rauso v. Warden Schuylkill FCI*, 747 F. App'x 40, 40 (3d Cir. 2019) (per curiam) (agreeing with district court that section 2241 habeas petitioner's claims "that the Clerk of the United States District Court for the Eastern District of Pennsylvania failed to enter his motions and papers on the docket of his criminal case and returned his papers to him in violation of his First Amendment right of access to the courts . . . [are] not cognizable in a habeas action" (citations omitted)); *Ruiz v. Bledsoe*, 510 F. App'x 105, 107 n.4 (3d Cir. 2013) (per curiam) ("We also agree with the District Court that § 2241 does not provide Ruiz with a vehicle by which to raise claims that he has been denied adequate

---

Governing Section 2254 Cases are applicable to § 2241 cases, *see* 28 U.S.C. foll. § 2254 (1977), made applicable to § 2241 petitions by Rule 1(b)." (citing *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014))).

5

access to his legal materials and the prison law library. Such claims must be raised in a civil rights action." (citing *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002))); *Jupiter v. Warden, USP Lewisburg*, 237 F. App'x 726, 728 (3d Cir. 2007) (per curiam) ("The District Court properly held that Jupiter's access to the courts claim does not lie at the core of habeas and, thus, is not cognizable under § 2241."); *Persons v. Philadelphia Prison Sys.*, Civ. A. No. 15-5075, 2016 WL 889358, at *3 (E.D. Pa. Feb. 5, 2016) (concluding petitioner's proposed access to court claim in amended habeas petition under section 2241 failed to state a cognizable claim (citing *Jupiter*, 237 F. App'x at 728)), *report and recommendation adopted*, 2016 WL 958280 (E.D. Pa. Mar. 7, 2016). In addition, a claim of racial discrimination is not cognizable in a section 2241 petition. *See Woodruff v. Williamson*, Civ. No. 3:CV-06-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) ("Here, a ruling in Woodruff's favor as to his claims of improper SMU placement, racial discrimination, and denial of medical care would have no [e]ffect on the fact or duration of his confinement. Further, he may not receive monetary compensation, earlier release, or modification of his sentence in response to these claims. Thus, his remedy lies not in a habeas corpus action for these claims, but in a [civil rights] action. Therefore, as the claims for improper SMU placement, denial of medical care and race discrimination do not lie at the core of habeas, th[ese] claims will be dismissed without prejudice." (internal footnote omitted)), *aff'd*, 362 F. App'x 263 (3d Cir. 2010).

The second issue is that, to the extent that Goode has stated any cognizable claims, his claims are wholly unexhausted. When proceeding under section 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless[] . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although section 2241 does not contain a statutory exhaustion requirement like section 2254, "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore v. DeYoung*, 515 F.2d 437, 442

(3d Cir. 1975). Moreover, "although there is a distinction in the statutory language of [sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."[8] *Id.* Accordingly, the petitioner must have exhausted their state-court remedies with respect to their claims before the court can consider their merits. *Id.*; *see Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.").

As for this exhaustion requirement, a section 2241 habeas petitioner must invoke "one complete round of the state's established appellate review process" to exhaust state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this regard, the petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Brown v. Cuyler*, 669 F.3d 155, 158 (3d Cir. 1982) (per curiam). Nonetheless, unless the petitioner demonstrates "extraordinary circumstances," federal courts should not issue writs of habeas corpus at the pretrial stage. *Moore*, 515 F.2d at 443; *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (explaining that section 2241 jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" (quoting *Moore*, 515 F.2d at 445–46)).

Here, Goode's only possible cognizable claims are the first and second claims in his petition, namely that he is being deprived of his right to a speedy trial.[9] *See, e.g.*, *Braden v. Judicial*

---

[8] Section 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A).

[9] Goode does not reference Pennsylvania's speedy trial rule, Rule 600 of the Pennsylvania Rules of Criminal Procedure, in his petition. If he had identified his speedy trial claim by only referencing Rule 600, he would not have stated a cognizable habeas claim. *See, e.g.*, *Molina v. McFadden*, Civ. A. No. 19-6110, 2020 WL 10141228, at *3 (E.D. Pa. May 1, 2020) ("The allegation in the current Petition arises under Rule 600(G) of the Pennsylvania Rules of Criminal Procedure. This claim is based on a violation of state law and is not cognizable in federal habeas

*Cir. of Ky.*, 410 U.S. 484, 492-93 (1973) (indicating that district court could address speedy trial claim in context of circumstances presented by section 2241 petition in that case). Nevertheless, it is Goode's burden to show that he has exhausted his available state remedies, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies." (citation omitted)), and he has not demonstrated that he has exhausted these claims in the state courts, and the current state court docket does not show that he raised any speedy trial claims there.

As for the information contained in his habeas petition, this information, at best, shows that Goode attempted to file grievances with the prison, which is not the proper forum for raising a speedy trial issue. *See, e.g.*, Pet. at ECF p. 8 (stating that although he presented his second habeas claim that there has been an "oppressive pre-trial delay," his "grievances [were] never answered"). Goode also acknowledges that his speedy trial claim was "never adjudicated" in the state courts. *See id.* at ECF p. 7.[10] In regard to the information on the current docket, although it shows that Goode filed an omnibus pretrial motion which the trial court denied, there is no indication that a speedy trial claim was part of this motion.[11] *See* CCP Docket. In addition, the only docket entries reflecting that any other pretrial motions filed on Goode's behalf are entries showing that Goode's counsel filed a motion for a bill of particulars on April 8, 2019, and a motion to suppress on May

---

proceedings." (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)), *report and recommendation adopted*, 2021 WL 2529864 (E.D. Pa. June 21, 2021).

[10] The court recognizes that Goode also used the word "denied" here, but as the court will discuss in a moment, there is no indication that a speedy trial motion has ever been presented to the state trial court. *See* CCP Docket.

[11] Procedurally, it would have been seemingly premature for Goode to raise a pretrial claim as part of his omnibus motions since he was first charged on November 1, 2018, and the motion was only filed on March 8, 2019. *See* CCP Docket; *see also* Pa. R. Crim. P. 600 (establishing times for criminal trial under Pennsylvania law). Even if Goode qualified as an individual who "is not entitled to release on bail as provided by law," the government would have had 180 days to try him before any speedy trial violation could have occurred. *See* Pa. R. Crim. P. 600(B) (setting times for trial for defendants "not entitled to release on bail as provided by law"). Thus, it would have been nonsensical for Goode's counsel to file a motion for a speedy trial violation at such an early time in the proceedings.

15, 2019.[12] *See id.* The docket does not show that Goode filed a single speedy trial motion, much less "repeated demands" to enforce his speedy trial rights. *See Molina*, 2020 WL 10141228, at *3 ("The exhaustion analysis for a pretrial § 2241 claim that a petitioner was not promptly brought to trial requires that 'repeated demands' for such enforcement have already been made on the state courts, to no avail." (citing *Graham v. Brooks*, 342 F. Supp. 2d 256, 263 (D. Del. 2004))).

Even if the record showed the Goode had filed a speedy trial motion that the trial court ruled upon, this court still would not consider any speedy trial claim in Goode's habeas petition exhausted because he did not appeal from that decision and receive a decision from the Superior Court of Pennsylvania. *See, e.g.*, *Switzer v. Bishop*, No. 1:21-cv-182, 2021 WL 5360497, at *3 (W.D. Pa. Nov. 17, 2021) ("[T]o the extent that [the petitioner] may have received an adverse decision that is not identifiable on the docket, there is no record to suggest that he has appealed that denial to the Superior Court. As such, [the petitioner's] claims have not been exhausted." (citing *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979); *Reese v. Warden Philadelphia FDC*, 904 F.3d 244 (3d Cir. 2018))). Moreover, "[n]othing suggests the existence of the type of intentional, bad faith state activity that could justify an exception, based on 'extraordinary circumstances,' to the basic exhaustion requirement[.]" *Molina*, 2020 WL 10141228, at *3. Further, "[t]he mere assertion of pretrial constitutional claims, even speedy trial claims, generally will not establish extraordinary circumstances, even if there has been a delay of several years." *Id.* (citing *Moore*, 515 F.2d at 443; *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987); *United*

---

[12] While somewhat unclear, it appears that these motions were disposed of along with Goode's other omnibus pretrial motions on October 3, 2019. *See* CCP Docket. The court also notes that there is a document that Goode seemed to file *pro se*, despite being represented by counsel, titled "Challenge to Rule 600 Waiver." *See* CCP Docket. Even if this somehow constituted a proper speedy trial challenge, it "would not satisfy the exhaustion requirement . . . because Pennsylvania law does not permit 'hybrid' representation and, therefore, a state court generally will not review on the merits a *pro se* motion submitted by a defendant who is represented by counsel." *Arrington v. Commonwealth*, Civ. A. No. 2:21-cv-1282, 2022 WL 317147, at *2 (W.D. Pa. Jan. 13, 2022) (citing Pa. R. Crim. P. 576(4), (5)), *report and recommendation adopted*, 2022 WL 314675 (W.D. Pa. Feb. 2, 2022).

*States ex rel. Scranton v. State of N.Y.*, 532 F.2d 292 (2d Cir. 1976)). Accordingly, because Goode has "not followed the required conduct by exhausting his state court remedies sought in this [p]etition, this [c]ourt should 'stay its hand' and dismiss, without prejudice, the instant [p]etition for [w]rit of [h]abeas [c]orpus as unexhausted to allow [Goode] to exhaust his claims in state court." *Id.* at *4 (citing *Walker v. Vaughn*, 53 F.3d 609 (3d Cir. 1995)); *see also Lambert*, 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").[13]

### III. CERTIFICATE OF APPEALABILITY

A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[13] Some district courts also decline to consider section 2241 habeas petitions, like Goode's petition here, based on *Younger* abstention:

> Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447-48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448. *See also* Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Westlaw (database updated June 2021).

*Arrington*, 2022 WL 317147, at *3.
  If the court were to consider whether to abstain in this matter under *Younger*, it appears that abstaining would be appropriate. Initially, there is an ongoing judicial proceeding insofar as there is a criminal prosecution in the Court of Common Pleas of Berks County. If the court were to grant habeas relief here, it would seemingly interfere with those criminal proceedings. Additionally, the Commonwealth's criminal case against Goode implicates important state interests insofar as the Commonwealth has a strong interest in enforcing its criminal laws. Finally, there is no indication that Goode will not have the opportunity to raise a speedy trial claim during his Common Pleas proceedings. *See, e.g.*, Pa. R. Crim. P. 600(D) (indicating that "at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion" asserting a speedy trial violation under Rule 600). As such, Goode's claims relating to his state court matter appear to meet the requirements for abstention.

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Here, Moore has not demonstrated that reasonable jurists would find the issues discussed above to be debatable.

### IV.   CONCLUSION

As explained above, Goode's claims for the denial of access to the courts and racial discrimination are not cognizable as part of his section 2241 habeas petition and, as such, the court will dismiss those claims with prejudice. Regarding Goode's speedy trial claims, to the extent they are cognizable in this action, Goode has failed to meet his burden to show that he has exhausted his available state remedies. Therefore, the court will dismiss without prejudice any constitutional speedy trial claims. The court also declines to issue a certificate of appealability.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.